**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Borsheim Builders Supply, Inc., | ) | |
| d/b/a/ Borsheim Crane Service, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Daphney Harstad-Cook and | ) | |
| Vicki Harstad, | ) | |
| | ) | Case No. 4:14-cv-083 |
| Defendants. | ) | |

Before the court are "Motions for Protective Order" filed by defendants Daphney Harstad-Cook and Vicki Harstad on November 7, 2014. Defendants object to "Subpoenas to Produce Documents, Information, or Objects" that plaintiff served on defendants' e-mail providers on October 24, 2014. The subpoenas directed the requested documents to be produced by November 7, 2014 at 5:00 p.m.[1]

The subpoena for Daphney Harstad Cook's e-mail information was served on Midco.net c/o Midcontinent Communications and commands production of:

    1.    An inspection of Your database in order to retrieve all existing or deleted electronic information related to the email address daphney@wil.midco.net.

    2.    All emails sent or received from daphney@wil.midco.net, including all existing and deleted messages.

---

[1] The court held a telephonic status conference to address discovery disputes in this case on November 6, 2014. At that time, plaintiff indicated that it did not believe the e-mails would be produced by November 7, 2014 as requested. However, plaintiff was unsure whether the e-mail providers would object to the subpoenas and when any documents would be produced.

3. IP address information related to emails sent from daphney@wil.midco.net.

The subpoena for Vicki Harstad's e-mail information is essentially the same except that it was served on Hotmail.com c/o Microsoft Corporation and requests information associated with the e-mail address vharstad08@hotmail.com.

Defendants raise a number of objections to the subpoenas, including the contention that the requests are overbroad because they are not limited as to time or to subject matter and that the requests seek information that is protected by the attorney-client privilege and potentially the spousal privilege. Defendants request an order quashing the subpoenas or a protective order that prevents the e-mail providers from producing the e-mails until a procedure for preventing disclosure of non-relevant and privileged e-mails is established. Plaintiff has not responded to the motions.

Because the time for compliance set forth in the subpoenas has arrived or is fast approaching, the court hereby **ORDERS** as follows:

1. Plaintiff shall advise the e-mail providers that no documents should be produced until further order of the court after the court has had a chance to address defendants' objections and either this court or the court with jurisdiction initially over the production has had a chance to rule on any objections of the e-mail providers.

2. If the e-mail providers forward documents to plaintiff before the court can rule, plaintiff shall so advise the court and not open the documents pending further order of the court.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2014.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court